IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL JOSEPH MILLER, III | : | NO. 02-CV-5141 |
| | : | |
| V. | : | |
| | : | |
| PHILADELPHIA POLICE DEPARTMENT; | : | |
| BELMONT CENTER FOR COMPREHENSIVE | : | |
| TREATMENT EINSTEIN HEALTHCARE | : | |
| NETWORK; RICHARD SCHELLINGER AND | : | |
| MICHELLE SCHELLINGER; MARJORIE | : | |
| YOUNG; CITY OF PHILADELPHIA; | : | |
| AND DR. FARBER; AND DR. JOHN DOE | : | |

## **ORDER**

AND NOW, this      day of                     , 2002, upon consideration of the Motion to Dismiss Plaintiff's Complaint filed by Defendants Margaret Young, incorrectly designated as Marjorie Young, Richard Schellinger and Michelle Young Schellinger, and any Response thereto, it is hereby ORDERED and DECREED said Motion is GRANTED, and judgment is entered in favor of Defendants and against Plaintiff, Daniel Joseph Miller, III, with prejudice.

BY THE COURT:

_____ J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL JOSEPH MILLER, III | : | NO. 02-CV-5141 |
| | : | |
| V. | : | |
| | : | |
| PHILADELPHIA POLICE DEPARTMENT; | : | |
| BELMONT CENTER FOR COMPREHENSIVE | : | |
| TREATMENT EINSTEIN HEALTHCARE | : | |
| NETWORK; RICHARD SCHELLINGER AND | : | |
| MICHELLE SCHELLINGER; MARJORIE | : | |
| YOUNG; CITY OF PHILADELPHIA; | : | |
| AND DR. FARBER; AND DR. JOHN DOE | : | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT
FILED BY DEFENDANTS MARGARET YOUNG
(incorrectly designated as Marjorie Young), RICHARD SCHELLINGER
AND MICHELLE YOUNG SCHELLINGER**

Defendants, Margaret Young, incorrectly designated as Marjorie Young, Richard Schellinger and Michelle Young Schellinger ("Moving Defendants"), by and through their counsel, Margolis Edelstein, hereby move this Honorable Court to enter an Order dismissing the Complaint filed by plaintiff Daniel Joseph Miller, III ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and state as follows:

1. On or about June 13, 2002, Plaintiff filed an action in the Court of Common Pleas of Philadelphia County against Defendants Philadelphia Police Department, Belmont Center for Comprehensive Treatment Einstein Healthcare Network, City of Philadelphia, Dr. Farber and Dr. John Doe, in addition to Moving Defendants. (See Plaintiff's Complaint, a copy of which is attached hereto as Exhibit "A".)

2. Upon motion of Defendants City of Philadelphia and Philadelphia Police Department, this action was removed to this Court on or about July 26, 2002 due to the nature of Plaintiff's federal claims under 42 U.S.C. §1983 - deprivation of federal procedural and/or substantive due process rights.

3. The Complaint alleges causes of action for Negligence and violations of

Plaintiff's Civil Rights against each of the Defendants arising from an undescribed incident on May 6, 2000. Plaintiff claims that on that date he suffered "serious permanent and physical injuries and abuse as a direct result of the negligent acts of the Defendants."

4. Among other allegations in the Complaint, Plaintiff avers that the City of Philadelphia and Philadelphia Police Department failed to adequately train their Department Personnel to act properly concerning the undescribed incident on May 6, 2000; failed to oversee the incident of May 6, 2000; failed to conform to their internal policies in dealing with "an incident similar to that on May 6, 2000;" used excessive force in the undescribed May 6, 2000 incident; failed to adequately investigate the facts surrounding the complaints which caused the Police presence on May 6, 2000; and otherwise committed Civil Rights Violations against Plaintiff. Other than the aforementioned facts, Plaintiff does not explain what actually transpired on May 6, 2000.

5. In his second Count IV, Plaintiff further alleges that he was committed to the Belmont Center for Comprehensive Treatment and Einstein Health Network for two weeks. Plaintiff alleges that he was forced to stay in the facility and take medication against his will. Plaintiff does not provide any other facts with regard to when and how this commitment occurred.

6. As to Moving Defendants, Plaintiff makes the following allegations in Counts III and the first Count IV of his Complaint: (a) they negligently exaggerated complaints to representatives of the City of Philadelphia Police Department; (b) they failed to adequately investigate the truth regarding Plaintiff's activities; (c) they failed to fully inform police representatives of their full knowledge with respect to Plaintiff's activities; and (d) for having ulterior motives, not for legitimate purpose and inconsistent with public policy regarding their complaints to the City of Philadelphia.

7. As a part of Count III and the first Count IV of his Complaint Plaintiff alleges that his Civil Rights were violated by Moving Defendants.

8. Plaintiff has failed to state a claim for Negligence against Moving Defendants because he has failed to allege that Moving Defendants owed any duty of care to Plaintiff and has also failed to establish the requisite causation between the alleged actions of Moving Defendants and Plaintiff's alleged harm, both of which are necessary to sustain a viable cause of action for Negligence.

9. Plaintiff has failed to present a valid claim for violation of his Civil Rights, presumably based upon 42 U.S.C. §1983, because Moving Defendants were not acting under "color of law" as statutorily required.

10. Defendants Margaret Young, incorrectly designated as Marjorie Young, Richard Schellinger and Michelle Young Schellinger incorporate herein by reference the following Memorandum of Law in support of the present Motion.

**WHEREFORE**, Defendants Margaret Young, incorrectly designated as Marjorie Young, Richard Schellinger and Michelle Young Schellinger, respectfully request that this Honorable Court grant this Motion and dismiss Plaintiff's Complaint for Negligence and Civil Rights violations against them with prejudice.

                        MARGOLIS EDELSTEIN

                        BY: _____
                            MICHAEL J. CAWLEY, ESQUIRE
                            Attorney for Defendants, Margaret Young
                            incorrectly designated as Marjorie Young
                            and Richard Schellinger and Michelle Young
                            Schellinger

Dated: <u>August 23, 2002</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL JOSEPH MILLER, III | : | NO. 02-CV-5141 |
| | : | |
| V. | : | |
| | : | |
| PHILADELPHIA POLICE DEPARTMENT; | : | |
| BELMONT CENTER FOR COMPREHENSIVE | : | |
| TREATMENT EINSTEIN HEALTHCARE | : | |
| NETWORK; RICHARD SCHELLINGER AND | : | |
| MICHELLE SCHELLINGER; MARJORIE | : | |
| YOUNG; CITY OF PHILADELPHIA; | : | |
| AND DR. FARBER; AND DR. JOHN DOE | : | |

**MEMORANDUM OF LAW OF DEFENDANTS IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.    STATEMENT OF FACTS**

Although the allegations in the Complaint filed by Plaintiff Daniel Joseph Miller, III, ("Plaintiff") are vague, conclusory and difficult to discern, the facts as presented ultimately contend that Plaintiff suffered permanent personal injuries, including post traumatic stress disorder and other related mental injuries, as a result of an incident that occurred on May 6, 2000.  Plaintiff does not provide any specific details with regard to the events of the alleged incident.

Plaintiff avers that on May 6, 2000 the City of Philadelphia and its Police Department used excessive force, neglected to follow proper internal procedures and failed to adequately investigate facts when responding to complaints made against Plaintiff.

Plaintiff contends further that he was committed to the Belmont Center for Comprehensive Treatment and Einstein Healthcare Network for two weeks where he was held and forced to take medication against his will and where he was exposed to undue hardship, intolerable conditions and inhumane treatment.  Again, Plaintiff does not set forth any details with regard to when or how this alleged commitment occurred.

Plaintiff has sued the Philadelphia Police Department, the City of Philadelphia,

Belmont Center for Comprehensive Treatment Einstein Health Network, Dr. Farber, Dr. John Doe and Moving Defendants. In addition to his personal injuries, Plaintiff makes a claim for wage loss, $10,000 in property damage to his home, medical expenses and loss of life's pleasures, comprising a demand in excess of $50,000.

In bringing a Negligence claim against Moving Defendants herein, Margaret Young, incorrectly designated as Marjorie Young, Richard Schellinger and Michelle Young Schellinger ("Moving Defendants"), Plaintiff contends that they negligently exaggerated complaints about Plaintiff to the City of Philadelphia Police Department; failed to adequately investigate whether the complaints about Plaintiff's activities were true; failed to fully inform the police with regard to their complete understanding of Plaintiff's activities; and when making their complaints, they had ulterior and illegitimate motives that were inconsistent with public policy. Plaintiff also alleges that Moving Defendants violated his Civil Rights.

## II.    PROCEDURAL HISTORY

Plaintiff originally filed this lawsuit on or about June 13, 2002 in the Court of Common Pleas of Philadelphia County. On or about July 26, 2002, the case was removed to the instant Court by virtue of a motion made by Defendants City of Philadelphia and Philadelphia Police Department based upon the federal claims asserted by Plaintiff.

## III.   STANDARD OF REVIEW

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), this Court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6)...is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." Markowitz v. Northeast Land Co., 906 F.2d 100, 203 (3rd. Cir. 1990) (citing Ransom v. Marrazzo, 848 F.2d 398, 401 (3rd. Cir. 1988); see also H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, 106 L. Ed. 2d 195, 109 S. Ct. 2893 (1989).

The Court should only dismiss the complaint if "it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations," H.J. Inc., 492 U.S. at 249-50 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 10 S. Ct. 2229 (1984).

Dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief. Campbell v. City of San Antonio, 43 F. 3d 973, 975 (5th Cir. 1995). Thus, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery...or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. (citing 3 Wright & Miller, Federal Practice and Procedure: Civil 2d § 1216 at 156-159.) It is not sufficient to include only "a statement of facts that merely creates a suspicion that the pleader might have a right of action." Id. (citation omitted).

IV.  **LEGAL ARGUMENT**

    A.  **Plaintiff has failed to state a viable claim for negligence against Moving Defendants.**

        1.  **Plaintiff has failed to allege that Moving Defendants owed any duty of care whatsoever to Plaintiff.**

Negligence is the want of due care a reasonable man would exercise under the circumstances. Gift v. Palmer, 392 Pa. 628, 630 (1958). In order to establish a cause of action for negligence, the plaintiff must demonstrate the following elements: (1) that the defendant owed a duty of care to plaintiff; (2) that defendant breached that duty; (3) the breach resulted in injury to the plaintiff; and (4) plaintiff suffered an actual loss or damage. Brezenski v. World Truck Transfer, Inc., et al., 2000 PA Super 175, 755 A.2d 36, 40 (citation omitted).

Whether a duty exists is a question of law to be decided by the court. Emerson v. Adult Community Total Servs., 842 F. Supp. 152, 154, (E.D. Pa. 1994) (citation omitted). Duties can arise from common law, by statute and by contract. Id. at 155 (citation omitted).

Plaintiffs are required to establish the duty owed to them by defendants, "the breach of which might give rise to injuries alleged to be suffered by the plaintiffs" Id. at 154 (citation

omitted). "Duty is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that a particular plaintiff is entitled to protection." Bradshaw v. Rawlings, 612 F.2d 135, 138 (E.D. Pa. 1979) (citing W. Prosser, Law of Torts 333 (3d ed. 1964)). Duty can be considered "an obligation to which the law will give recognition in order to require one person to conform to a particular standard of conduct with respect to another person." Id. Thus, a claim for negligence will not survive if there is no duty imposed upon defendants to act under a certain set of circumstances. Emerson, 842 F. Supp. at 155 (citations omitted).

In the case before this court, Plaintiff makes the following conclusory allegations of negligence against Defendants in Count III and the first Count IV of the Complaint as follows:

(a)     Defendants negligently exaggerated complaints to the City of Philadelphia Police Departments' Representatives;

(b)     Defendants failed to adequately investigate so as to determine the truth regarding the activities of the Plaintiff;

(c)     Defendants failed to fully inform the police representatives of their full knowledge regarding the activities of the Plaintiff; and

(d)     Defendants had ulterior motives, not for legitimate purpose and inconsistent with public policy regarding their complaints to the City of Philadelphia.

There are no other allegations contained within Plaintiff's Complaint to support his Negligence claim against Moving Defendants. Notably, nowhere in the Complaint is there any allegation, either plainly stated or from which inferences may be drawn, relating to the duty of care owed to Plaintiff by Moving Defendants. Similarly, Plaintiff has not identified the basis for a duty based upon common law, statute or contract. Nor has Plaintiff indicated that he and Moving Defendants had a special relationship which would give rise to a duty of care. Instead, Plaintiff merely sets forth bald accusations of alleged negligence on the part of Moving Defendants with respect to the complaints made by them to the City of Philadelphia Police

Department. Plaintiff therefore has failed to plead a required element of a Negligence cause of action, namely, the duty of care owed to Plaintiff by Moving Defendants that was allegedly breached.

>  **2.    Plaintiff has not alleged any facts establishing causation between the alleged acts of Moving Defendants and the alleged harm to Plaintiff.**

Even if a plaintiff can show that a defendant breached a duty of care owed the plaintiff, "it is incumbent on a plaintiff to establish a causal connection between the defendant's conduct...[and such conduct] must be shown to have been the proximate cause of plaintiff's injury." Galullo v. Federal Express Corp., 937 F. Supp. 392, 394 (E.D. Pa. 1996) (citation omitted). The burden of proof as to causation is on the plaintiff. Id. at 395.

In the present case, even assuming *arguendo* that Moving Defendants owed Plaintiff a duty of care, Plaintiff's Negligence claim still must fail because the requisite causation element is completely absent. Plaintiff has not set forth any facts which describe how the alleged action or non-action of Moving Defendants caused Plaintiff's harm. For instance, Plaintiff has provided no causal connection between the alleged action or non-action of Moving Defendants and the alleged excessive use of force by Police Department representatives. Likewise, there is no link between the alleged action or non-action of Moving Defendants and Plaintiff's commitment and treatment in the Belmont Center for Comprehensive Treatment. In fact, there are no facts whatsoever in the Complaint which establish that the mere complaints made by Moving Defendants about Plaintiff's threatening conduct were the *substantial cause* of Plaintiff's alleged injuries.

As Plaintiff has failed to set forth all of the necessary elements required to sustain a cause of action for Negligence against Moving Defendants, dismissal is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for Negligence upon which relief can be granted.

**B.     Plaintiff cannot sustain a cause of action for Violations of his Civil Rights because Moving Defendants were not acting under "color of law."**

Without citing specific authority upon which he bases his claim, Plaintiff vaguely alleges in his Complaint that Defendants "violated his Civil Rights." (Plaintiff's Complaint at ¶¶ 22 (e) and 24 (e)).  There is no common law right of action for an alleged violation of Civil Rights.  It is thus presumed that Plaintiff intends to set forth a cause of action based upon 42 U.S.C. 1983.  Section 1983 provides as follows:

> "Every person, **who under color of any statute, ordinance, regulation, custom or usage of any state, territory or the District of Columbia**, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress" (emphasis added).

In order to make a claim under 42 U.S.C. 1983, a "plaintiff must demonstrate that the conduct of which he is complaining has been committed under color of state or territorial law and that it operated to deny him a right or rights secured by the Constitution or laws of the United States.  The plaintiff must also establish that it was the acts of the defendants which caused the constitutional deprivation. " Halstead v. Motorcycle Safety Foundation, Inc., et al., 71 F. Supp. 2d 455, 460 (E.D. Pa. 1999) (citations omitted).

Whether the defendant was "a state actor, acting in an official capacity, at the time of the alleged constitutional violation" is the threshold question in a Section 1983 action. Id. at 461 (citations omitted).  A party is only liable under Section 1983 when it acts under "color of law," even if the party causes a deprivation of right. Id. (citations omitted).  Color of law "requires that the defendant in a Section 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. (citations omitted).

In the present case, Plaintiff's Complaint, both on its face and any reasonable inferences which can be drawn from it, is utterly devoid of any averments whatsoever necessary to satisfy the "state action" requirement of a Civil Rights claim pursuant to 42 U.S.C. §1983.  Plaintiff

9

does not allege that Defendants were acting under color of law.  Most importantly, however, is the fact that no such allegation can ever be viable against Moving Defendants.  Defendants are private individuals with no government involvement.  They were not acting with the "authority of state law."  Rather, defendants are Plaintiff's neighbors who are being sued because they made complaints to the City of Philadelphia Police Department about Plaintiff's threatening conduct which was, at times, directed toward Moving Defendants personally.  There is simply no way to transform Moving Defendants, neighbors who felt verbally and physically threatened by Plaintiff's conduct, into "state actors" for purposes of bringing a Section 1983 claim.

Further, Plaintiff has not alleged, nor can he, that any alleged conduct by Moving Defendants actually caused any constitutional deprivation as required by Section 1983 and its interpretative case law.  <u>See</u>, <u>Halstead</u>, supra.  Moving Defendants, as private citizens, can not be held responsible for any action or conduct which may have been exercised by the City of Philadelphia, the Philadelphia Police Department, and/or the doctors, agents and employees of co-defendant Belmont Center for Comprehensive Treatment Einstein Healthcare Network.

As Plaintiff cannot show that Moving Defendants were acting under "color of law" and caused Plaintiff to suffer a constitutional deprivation, Plaintiff has failed to state a claim for Civil Rights violations.  Accordingly, Plaintiff's cause of action pursuant to 42 U.S.C. §1983 against Moving Defendants should be dismissed.

V.    **CONCLUSION**

For the reasons set forth above, defendants Margaret Young, incorrectly designated as Marjorie Young, Richard Schellinger and Michelle Young Schellinger, respectfully request

that this Court grant their Motion to Dismiss Plaintiff's causes of action for Negligence and Civil Rights violations with prejudice.

        MARGOLIS EDELSTEIN

        BY: _____
            MICHAEL J. CAWLEY, ESQUIRE
            Attorney for Defendants, Margaret Young
            incorrectly designated as Marjorie Young,
            and Richard Schellinger and Michelle Young
            Schellinger

Dated: <u>August 23, 2002</u>

# CERTIFICATE OF SERVICE

_____Michael J. Cawley, Esquire hereby states that he caused a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Complaint filed by Defendants Margaret Young incorrectly designated as Marjorie Young and Richard Schellinger and Michelle Young Schellinger to be served upon the following counsel, via overnight mail, on the 23rd day of August, 2002:

Jonathan M. Levin, Esquire
Jonathan M. Levin & Associates
215 S. Broad Street, 2nd Floor
Philadelphia, PA  19107

Dominique N. Celli, Esquire
Two Logan Square, Suite 600
18th & Arch Streets
Philadelphia, PA 19103

Edward D. Chew, Jr., Esquire
City of Philadelphia - Law Department
Claims Division - 14th Floor
One Parkway Building
1515 Arch Street
Philadelphia, PA 19102-1595

_____
MICHAEL J. CAWLEY, ESQUIRE