IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL JOSEPH MILLER, III                    :          NO. 02-CV-5141
                                             :
        V.                                   :
                                             :
PHILADELPHIA POLICE DEPARTMENT;              :
BELMONT CENTER FOR COMPREHENSIVE             :
TREATMENT EINSTEIN HEALTHCARE               :
NETWORK; RICHARD SCHELLINGER AND            :
MICHELLE SCHELLINGER; MARGARET              :
YOUNG; CITY OF PHILADELPHIA;                 :
AND DR. FARBER; AND DR. JOHN DOE             :

**ORDER**

        AND NOW, this        day of                        , 2002, upon consideration of

the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants Margaret

Young, Richard Schellinger and Michelle Young Schellinger, and any Response thereto,

it is hereby ORDERED and DECREED that said Motion is GRANTED, and judgment is

entered in favor of Defendants and against Plaintiff, Daniel Joseph Miller, III, with

prejudice.

                                        BY THE COURT:


                                        _____
                                                                       J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL JOSEPH MILLER, III      :      NO. 02-CV-5141
                              :
     V.                       :
                              :
PHILADELPHIA POLICE DEPARTMENT;   :
BELMONT CENTER FOR COMPREHENSIVE  :
TREATMENT EINSTEIN HEALTHCARE     :
NETWORK; RICHARD SCHELLINGER AND   :
MICHELLE SCHELLINGER; MARGARET    :
YOUNG; CITY OF PHILADELPHIA;        :
AND DR. FARBER; AND DR. JOHN DOE    :

**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
FILED BY DEFENDANTS MARGARET YOUNG
RICHARD SCHELLINGER AND MICHELLE YOUNG SCHELLINGER**

Defendants, Margaret Young, incorrectly designated in the first Count IV as Marjorie Young, Richard Schellinger and Michelle Young Schellinger ("Moving Defendants"), by and through their counsel, Margolis Edelstein, hereby move this Honorable Court to enter an Order dismissing the Amended Complaint filed by plaintiff Daniel Joseph Miller, III ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and state as follows:

1.      On or about June 13, 2002, Plaintiff filed an action in the Court of Common Pleas of Philadelphia County against Defendants Philadelphia Police Department, Belmont Center for Comprehensive Treatment Einstein Healthcare Network, City of Philadelphia, Dr. Farber and Dr. John Doe, in addition to Moving Defendants.  (See Plaintiff's Complaint, a copy of which is attached hereto as Exhibit "A".)

2.      Upon motion of Defendants City of Philadelphia and Philadelphia Police Department, this action was removed to this Court on or about July 26, 2002 due to the nature of Plaintiff's federal claims under 42 U.S.C. §1983 - deprivation of federal procedural and/or substantive due process rights.

3.      On August 23, 2002 Moving Defendants filed a Motion to Dismiss

Plaintiff's Complaint on the grounds that Plaintiff failed to allege valid claims for Negligence and Civil Rights Violations against Moving Defendants.

4.      On September 6, 2002 Plaintiff filed an Amended Complaint naming the same Defendants as in the original Complaint.  (See Plaintiff's Amended Complaint, a copy of which is attached hereto as Exhibit B.)

5.      The Amended Complaint alleges causes of action for Negligence against all of the Defendants, along with violations of Plaintiff's Civil Rights against Defendants City of Philadelphia and City of Philadelphia Police Department, arising from an incident on May 6, 2000.  Plaintiff no longer avers a cause of action for Civil Rights Violations against Moving Defendants.

6.      Plaintiff claims that on May 6, 2002 he was physically attacked with tear gas and concussion bombs and forcibly removed from his home against his will.  He alleges that his home suffered property damage in the amount of $10,000 as a result of the incident.  Plaintiff also contends that he was "imprisoned" for two weeks in a psychiatric facility against his will.  As a result of the alleged attack, plaintiff claims that he sustained permanent personal injury in the nature of post traumatic stress disorder and other related mental injuries.

7.      Plaintiff's Amended Complaint does not include allegations which explain why this alleged attack on May 6, 2000 occurred.

8.      As to Defendants City of Philadelphia and Philadelphia Police Department, Plaintiff alleges, in pertinent part, that those Defendants failed to adequately train their Department Personnel to act properly concerning the incident on May 6, 2000; failed to oversee the incident of May 6, 2000; failed to conform to their internal policies in dealing with "an incident similar to that on May 6, 2000;" used excessive force in the May 6, 2000 incident; failed to adequately investigate the facts surrounding the complaints which caused the Police presence on May 6, 2000; and otherwise committed Civil Rights

Violations under 42 U.S.C. §1983 against Plaintiff.

9.    In his second Count IV and Count V against Drs. Farber and Doe, Plaintiff alleges that he was committed to the Belmont Center for Comprehensive Treatment and Einstein Health Network for two weeks.  Plaintiff avers that he was forced to stay in the facility and take medication against his will.  He alleges further that the doctors failed to conform to internal policies, failed to refer his case to more knowledgeable physicians, failed to inform Plaintiff's relatives and failed to investigate his medical history.  There are no allegations which  explain why this alleged commitment occurred.

10.    The Amended Complaint does not include a separate cause of action against Belmont Center for Comprehensive Treatment Einstein Health Care Network.

11.    Plaintiff alleges a cause of action for Negligence against Moving Defendants in Counts III and the first Count IV of his Amended Complaint.  Plaintiff claims that Moving Defendants: (a) negligently exaggerated complaints to representatives of the City of Philadelphia Police Department; (b) failed to adequately investigate the truth regarding Plaintiff's activities; (c) failed to fully inform police representatives of their full knowledge with respect to Plaintiff's activities; and (d) had ulterior motives, not for legitimate purpose and inconsistent with public policy regarding their complaints to the City of Philadelphia.

12.    Plaintiff seeks damages in excess of $50,000.00.

13.    Plaintiff has failed to state a claim for Negligence against Moving Defendants because he has failed to establish the basis of the duty of care allegedly owed to him by Moving Defendants and has also failed to establish the requisite causation between the alleged actions of Moving Defendants and Plaintiff's alleged harm, both of which are necessary to sustain a viable cause of action for Negligence.

14.    Defendants Margaret Young, Richard Schellinger and Michelle Young Schellinger incorporate herein by reference the following Memorandum of Law in support

of the present Motion.

**WHEREFORE**, Defendants Margaret Young, Richard Schellinger and Michelle Young Schellinger, respectfully request that this Honorable Court grant this Motion and dismiss Plaintiff's Complaint for Negligence against them with prejudice.


MARGOLIS EDELSTEIN


BY: _____
          MICHAEL J. CAWLEY, ESQUIRE
          Attorney for Defendants, Margaret Young
          Richard Schellinger and Michelle Young
          Schellinger


Dated: <u>September 26, 2002</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL JOSEPH MILLER, III          :          NO. 02-CV-5141
                                   :
        V.                         :
                                   :
PHILADELPHIA POLICE DEPARTMENT;    :
BELMONT CENTER FOR COMPREHENSIVE   :
TREATMENT EINSTEIN HEALTHCARE      :
NETWORK; RICHARD SCHELLINGER AND   :
MICHELLE SCHELLINGER; MARGARET     :
YOUNG; CITY OF PHILADELPHIA;       :
AND DR. FARBER; AND DR. JOHN DOE   :

**MEMORANDUM OF LAW OF DEFENDANTS IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## I.    STATEMENT OF FACTS

The Amended Complaint filed by Plaintiff Daniel Joseph Miller, III, ("Plaintiff")

contends that Plaintiff suffered permanent personal injuries, including post traumatic stress

disorder and other related mental injuries, as a result of an incident that occurred on May

6, 2000.

On that date, Plaintiff contends that he was attacked in his home and injured with

tear gas and concussion bombs.  He claims that he was forcibly removed from his home

against his will.  There is no explanation in the Amended Complaint as to what caused this

alleged attack to occur.

Among other allegations, Plaintiff alleges that on May 6, 2000 the City of

Philadelphia and its Police Department used excessive force, neglected to follow proper

internal procedures and failed to adequately investigate facts when responding to

complaints made against Plaintiff.  Plaintiff claims that these Defendants violated his civil

rights under 42 U.S.C. §1983.

Plaintiff contends further that he was committed to the Belmont Center for

Comprehensive Treatment and Einstein Healthcare Network for two weeks where he was

held against his will, forced to take medication and exposed to undue hardship, intolerable conditions and inhumane treatment. Plaintiff does not set forth any details with regard to when, how or why this alleged commitment occurred. Moreover, while Plaintiff has brought separate counts against Drs. Farber and Doe, there is no separate cause of action against Belmont Center for Comprehensive Treatment and Einstein Healthcare Network in the Amended Complaint.

In bringing a Negligence claim against Moving Defendants herein, Margaret Young, incorrectly designated in the first Count IV as Marjorie Young, Richard Schellinger and Michelle Young Schellinger ("Moving Defendants"), Plaintiff contends that they negligently exaggerated complaints about Plaintiff to the City of Philadelphia Police Department; failed to adequately investigate whether the complaints about Plaintiff's activities were true; failed to fully inform the police with regard to their complete understanding of Plaintiff's activities; and when making their complaints, they had ulterior and illegitimate motives that were inconsistent with public policy.

In addition to his personal injuries, Plaintiff makes a claim for wage loss, $10,000 in property damage to his home, medical expenses and loss of life's pleasures, comprising a demand in excess of $50,000.

## II.    **PROCEDURAL HISTORY**

Plaintiff originally filed this lawsuit on or about June 13, 2002 in the Court of Common Pleas of Philadelphia County. On or about July 26, 2002, the case was removed to the instant Court by virtue of a motion made by Defendants City of Philadelphia and Philadelphia Police Department based upon the federal claims asserted by Plaintiff under 42 U.S.C. §1983.

Moving Defendants filed a Motion to Dismiss Plaintiff's Complaint on August 23, 2002. Plaintiff then filed his Amended Complaint on September 6, 2002.

### III.    STANDARD OF REVIEW

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), this Court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them.   Dismissal under Rule 12(b)(6)...is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." Markowitz v. Northeast Land Co., 906 F.2d 100, 203 (3rd. Cir. 1990) (citing Ransom v. Marrazzo, 848 F.2d 398, 401 (3rd. Cir. 1988); see also H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, 106 L. Ed. 2d 195, 109 S. Ct. 2893 (1989)).

The Court should only dismiss the complaint if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," H.J. Inc., 492 U.S. at 249-50 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 10 S. Ct. 2229 (1984).

Dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief. Campbell v. City of San Antonio, 43 F. 3d 973, 975 (5th Cir. 1995).  Thus, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery...or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. (citing 3 Wright & Miller, Federal Practice and Procedure: Civil 2d § 1216 at 156-159.)  It is not sufficient to include only "a statement of facts that merely creates a suspicion that the pleader might have a right of action." Id. (citation omitted).

### IV.    LEGAL ARGUMENT

Plaintiff has not established the basis of any legal duty owed to Plaintiff by Moving Defendants and has failed to allege any causal connection between the purported actions of Moving Defendants and Plaintiff's alleged injuries.  As discussed below, Plaintiff's Negligence claim against Moving Defendants must be dismissed.

### *PLAINTIFF HAS FAILED TO STATE A VIABLE CAUSE OF ACTION FOR NEGLIGENCE AGAINST MOVING DEFENDANTS.*

**1.**      ***Moving Defendants did not owe any legal duty to Plaintiff.***

Negligence is the want of due care a reasonable man would exercise under the circumstances. Gift v. Palmer, 392 Pa. 628, 630 (1958). In order to establish a cause of action for negligence, the plaintiff must demonstrate the following elements: (1) that the defendant owed a duty of care to plaintiff; (2) that defendant breached that duty; (3) the breach resulted in injury to the plaintiff; and (4) plaintiff suffered an actual loss or damage. Brezenski v. World Truck Transfer, Inc., 2000 PA Super 175, 755 A.2d 36, 40 (citation omitted).

Whether a duty exists is a question of law to be decided by the court. Emerson v. Adult Community Total Servs., 842 F. Supp. 152, 154 (E.D. Pa. 1994) (citation omitted). Duties can arise from common law, by statute and by contract. Id. at 155 (citation omitted).

Plaintiffs are required to establish the duty owed to them by defendants, "the breach of which might give rise to injuries alleged to be suffered by the plaintiffs" Id. at 154 (citation omitted). "Duty is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that a particular plaintiff is entitled to protection." Bradshaw v. Rawlings, 612 F.2d 135, 138 (3rd Cir. Pa. 1979) (citing W. Prosser, Law of Torts 333 (3d ed. 1964)). Duty can be considered "an obligation to which the law will give recognition in order to require one person to conform to a particular standard of conduct with respect to another person." Id. Thus, a claim for negligence will not survive if there is no duty imposed upon defendants to act under a certain set of circumstances. Emerson, 842 F. Supp. at 155 (citations omitted).

It follows that based upon the foregoing principles, Moving Defendants can only

8

be liable to Plaintiff if they owed him a duty of care. See Miller v. Group Voyagers, Inc., 912 F.Supp. 164, 167 (E.D. Pa. 1996). Thus, "allegations in a negligence action must aver that a given standard of care was called for and that such standard was breached." Doe v. Dyer-Goode, 389 Pa. Super. 151, 158 (1989).

In the present case, Plaintiff has not established upon what basis any duty was owed to him by Moving Defendants. Instead, Plaintiff concludes, as a part of his general allegations directed to all of the Defendants, that "[i]n all cases following the Defendants did owe a Duty of Care to the Plaintiff which was breached." *Plaintiff's Amended Complaint, ¶16.* However, the Defendants in the instant case consist of municipal defendants--the City of Philadelphia and the Philadelphia Police Department, physicians--Drs. Farber and Doe, and Moving Defendants--Plaintiff's neighbors who are private citizens. The duties allegedly owed by each of the named Defendants, if any duties exist, arise from a distinct basis. Thus, a general allegation of duty claiming that all Defendants owed Plaintiff the same duty of care is not proper.

For example, the duty of Plaintiff's treating physicians, Defendants Drs. Farber and Doe, is different from any duty that could possibly be owed to Plaintiff by Moving Defendants. In Pennsylvania, doctors owe their patients a duty to act with reasonable skill and diligence. McCandeless. v. McWha, 22 Pa. 261, 268 (1853). Thus, in order to prove a case against a physician a plaintiff "is required to present an expert witness who will testify to a reasonable degree of medical certainty, that the acts of the physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm." Joyce v. Boulevard Physical Therapy & Rehabilitation Ctr., P.C., 694 A.2d. 648, 654, footnote 3 (1997) (citation omitted).

In the case of Moving Defendants, however, Pennsylvania does not impose a duty of care upon Moving Defendants solely because they are Plaintiff's neighbors. More importantly, Plaintiff has failed to identify the basis for the alleged duty owed to him by

9

Moving Defendants based upon common law, statute or contract.

Moreover, Plaintiff has not alleged that he and Moving Defendants had a special relationship which would somehow give rise to a duty of care.  See Brezenski, 775 A2d at 40 ("Under common law there is no duty to control the conduct of a third party to protect another from harm, except where a defendant stands in some special relationship with either the person whose conduct needs to be controlled or in a relationship with the intended victim of the conduct, which gives the intended victim a right to protection." (citation omitted)).

Nor has Plaintiff alleged that Moving Defendants voluntarily undertook a duty of care to Plaintiff.  See LaFountain v. Webb Industries Corp., 1999 U.S. Dist. LEXIS 4043, (5 E.D. Pa. 1991) (citing Section 324A or the Restatement (Second) of Torts which provides a basis for holding those who negligently perform a gratuitous undertaking liable for injuries caused to third parties: "[t"]he foundational requirement of [section 324A] is that in order for liability to be imposed upon the actor, he must specifically have undertaken to perform the task that he is charged with having performed negligently, for without the actual assumption of the undertaking there can be no correlative legal duty to perform that undertaking carefully" Id. at (citations omitted));  See also Kotofsky v. American Red Cross, 1999 U.S. Dist. LEXIS 13949, *7 (E.D. Pa. 1999) (The Court noted in dicta:  "[o]ne has, for example, no duty to drive one's neighbor to the airport.  But if one nevertheless volunteers to undertake that good-neighborly task, and then drives negligently, causing the neighbor to be injured en route, one is held legally accountable.")

Here, besides the generalized and conclusory statement that all of the Defendants owed Plaintiff a duty of care, the Amended Complaint does not contain any other facts which establish, or from which it may be inferred, the reason why Moving Defendants owed Plaintiff a duty of care.

This Court need not "accept as true 'unsupported conclusions and unwarranted inferences;" nor can the Court "assume that the [plaintiff] can prove facts that it has not alleged." City of Pittsburgh v. West Penn Power Comp., 147 F.3d 256, 263 (citations omitted). As the Third Circuit Court of Appeals recognized:

> Our courts have an obligation in matters before them to view the complaint as a whole and to base rulings not upon the presence of mere words, but rather, upon the presence of a factual situation which is or is not justiciable. We do draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner.

There is no realistic support in Plaintiff's Amended Complaint that Moving Defendants owed him a particular duty of care. For these reasons, this Court should decline to accept as true Plaintiff's general statement to the contrary. As Plaintiff has failed to plead a required element of a Negligence cause of action, namely, the duty of care owed to Plaintiff by Moving Defendants that was allegedly breached, Plaintiff's claims for negligence against Moving Defendants must be dismissed.

**2.    *Plaintiff has not alleged any facts establishing causation between the alleged acts of Moving Defendants and the alleged harm to Plaintiff.***

Even if a plaintiff can show that a defendant breached a duty of care owed the plaintiff, "it is incumbent on a plaintiff to establish a causal connection between the defendant's conduct...[and such conduct] must be shown to have been the proximate cause of plaintiff's injury." Galullo v. Federal Express Corp., 937 F. Supp. 392, 394 (E.D. Pa. 1996) (citation omitted). The burden of proof as to causation is on the plaintiff. Id. at 395. In addition,

> Proof of causation involves two elements: proof of cause in fact and proximate cause. Cause in fact or "but for" causation requires proof that the harmful result would not have come about but for the conduct of the defendant. Proximate cause, in addition, requires proof that the defendant's conduct was a substantial contributing factor in bringing about the harm alleged. Miller v. Group Voyagers, Inc., 912 F. Supp.164, 167 (1996).

11

In <u>Miller v. Group Voyagers, Inc.</u>, the Millers contracted with Group Voyagers, Inc., d/b/a/ "Globus" ("Globus") to take a two-week tour in Australia. Globus arranged for the Millers to stay at two hotels. At the first hotel, Mrs. Miller contracted scabies due to the unsanitary condition of the hotel room and therefore missed several sightseeing opportunities. At a second hotel, burglars broke into the Millers' hotel room and stole over $1,000 in cash. In bringing a negligence claim against Globus, the Millers claimed that Globus had notice of the fact that the hotels were unsanitary and unsafe and still arranged for accommodations. Thus, the Millers alleged that Globus caused their injuries by failing to ensure that the hotels were reasonably clean and secure.

The <u>Miller</u> Court denied Globus' Motion to Dismiss, concluding that under a "but for" test, Globus could not prevail. The Court found that but for Globus' alleged failure to act on the information it possessed regarding the hotels, the Millers would not have suffered their harm.

Conversely, in the present case, even assuming *arguendo* that Moving Defendants owed Plaintiff a duty of care, Plaintiff's Negligence claim still must fail because the requisite causation element is completely absent.

Plaintiff's Negligence Cause of Action against Moving Defendants in Count III and the first Count IV of the Complaint states as follows:

> The Negligence of the Defendants giving rise to the
>
> Plaintiff's losses as enumerated above are as follows:
>
> (a)  Defendants negligently exaggerated complaints to the City of Philadelphia Police Departments' Representatives;
>
> (b)  Defendants failed to adequately investigate so as to determine the truth regarding the activities of the Plaintiff;
>
> (c)  Defendants failed to fully inform the police representatives of their full knowledge regarding the activities of the Plaintiff; and
>
> (d)  Defendants had ulterior motives, not for legitimate purpose and inconsistent with public policy regarding their complaints to the City of Philadelphia.

With the exception of the general allegation of duty alleged in Paragraph 16 of the Amended Complaint, there are no other allegations concerning the negligence of Moving Defendants.

The Miller plaintiffs alleged that defendant had notice of poor hotel accommodations but still made arrangements for plaintiffs anyway. In this way, the Miller plaintiffs were able to establish the requisite causal link necessary to bring a claim for negligence. Unlike in Miller, Plaintiff has not alleged any facts which establish that Plaintiff's losses would not have come about but for the negligent conduct of Moving Defendants. Here, Plaintiff's allegations do not establish a link between the alleged conduct of Moving Defendants and his purported injuries. For example, Plaintiff has not alleged that any actions by Moving Defendants caused the alleged excessive force used by Police Department representatives. No causal link is established between Moving Defendants' conduct and the failure of the City of Philadelphia to adequately train its personnel. No allegations explain how Moving Defendant's alleged actions or non-actions were the substantial cause of the alleged property damage to Plaintiff's home. Similarly, Plaintiff has not shown that the complaints by Moving Defendants were the cause-in-fact of Plaintiff's commitment and treatment in the Belmont Center for Comprehensive Treatment. In no way does Plaintiff's Amended Complaint establish that the mere complaints made by Moving Defendants about Plaintiff's threatening conduct were the *substantial cause* of Plaintiff's alleged injuries.

Plaintiff cannot sustain a viable cause of action for negligence against Moving Defendants because he has not established that the alleged actions of Moving Defendants were the proximate cause of his injuries. Dismissal is therefore proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for Negligence upon which relief can be granted.

13

## V.    __CONCLUSION__

For the reasons set forth above, defendants Margaret Young,  Richard Schellinger and Michelle Young Schellinger, respectfully request that this Court grant their Motion to Dismiss Plaintiff's causes of action for Negligence with prejudice.


MARGOLIS EDELSTEIN


BY:  _____
          MICHAEL J. CAWLEY, ESQUIRE
          Attorney for Defendants, Margaret Young,
          Richard Schellinger and Michelle Young
          Schellinger


Dated: September 26, 2002

14

## <u>CERTIFICATE OF SERVICE</u>

_____Michael J. Cawley, Esquire hereby states that he caused a true and correct copy

of the foregoing Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants

Marjorie Young and Richard Schellinger and Michelle Young Schellinger to be served

upon the following counsel, via overnight mail, on the 26th day of September, 2002:


Jonathan M. Levin, Esquire                          Dominique N. Celli, Esquire
Jonathan M. Levin & Associates                      Two Logan Square, Suite 600
215 S. Broad Street, 2nd Floor                      18th & Arch Streets
Philadelphia, PA  19107                             Philadelphia, PA 19103

Edward D. Chew, Jr., Esquire
City of Philadelphia - Law Department
Claims Division - 14th Floor
One Parkway Building
1515 Arch Street
Philadelphia, PA 19102-1595


_____
MICHAEL J. CAWLEY, ESQUIRE