**KENT & MCBRIDE, P.C.**
By: Dominique N. Ryan, Esquire
Identification No. 86379                                    **Attorney for Defendant, Belmont**
Suburban Stations Building                                   **For Comprehensive Treatment/**
1617 J.F.Kennedy Blvd, Suite 1200                            **Einstein Healthcare Network,**
Philadelphia, Pa 19103                                       **Barry M. Farber, M.D.**
(215) 568-1800

| | |
|---|---|
| **Daniel Miller** : | CIVIL ACTION |
| : | |
| v. : | NO. 02-CV-5141 |
| : | |
| **Barry M. Farber, M.D.** : | |
| : | |
| : | |

### DEFENDANTS, BELMONT CENTER FOR COMPREHENSIVE TREATMENT EINSTEIN HEALTHCARE NETWORK, BARRY M. FARBER, M.D.'S RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT WITH FEDERAL DEFENSES

Defendants, Belmont Center for Comprehensive Treatment/Einstein Healthcare Network, Dr. Barry M. Farber, M.D., hereinafter "answering defendant", through their undersigned counsel, Kent & McBride, P.C., respond to Plaintiff's Amended Complaint, hereinafter "Complaint" as follows:

1-2.   Admitted.

3-6.   Denied. Answering Defendants deny the allegations contained in paragraphs 3-6 of Plaintiff's Complaint as they relate to answering Defendants. After reasonable investigation, the answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in these paragraphs as they relate to parties other than answering Defendants and, therefore, deny same and demand strict proof thereof at trial.

7.   Admitted.

8.   Denied. It is averred that any and all allegations directed to Dr. John Doe and/or any other alleged physicians practicing medicine at the Belmont Center For Comprehensive

Treatment whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before the answering Defendant is informed of the identity of these persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof demanded.

9. Denied. The averments contained in paragraph 9 of Plaintiff's Complaint are not directed to the answering Defendant and require no responsive pleadings under the Federal Rules of Civil Procedure, and are therefore denied and strict proof is demanded thereof at trial.

10. Denied. Answering Defendants deny the allegations contained in paragraph 10 in Plaintiff's Complaint as they relate to answering Defendants. After reasonable investigation, the answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph as they relate to parties other than answering Defendants, and, therefore deny same and demand strict proof thereof at trial. Moreover, it is averred that any and all allegations directed to Dr. John Doe and/or any other alleged physicians practicing medicine at the Belmont Center For Comprehensive Treatment whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before the answering Defendant is informed of the identity of these persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof demanded.

11-16. Denied. After reasonable investigation, the answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 1-16 of Plaintiff's Complaint, and therefore, deny the allegations therein and demand strict proof thereof at time of trial. Moreover, it is specifically denied that answering Defendants were negligent or in any way contributed to Plaintiff's alleged injuries and/or losses.

17. Answering Defendants incorporate by reference, the answers contained in paragraphs 1-16 as if set forth herein at length.

18.(a-d) Denied. The averments of paragraph 18(a-d) of Plaintiff's Complaint are not directed to answering defendants and require no responsive pleadings under the Federal Rules of Civil Procedure, and are therefore denied, and strict proof thereof demanded at time of trial.

19. Answering Defendants incorporate by reference, the answers contained in paragraphs 1-18 as if set forth herein at length.

20(a-e). Denied. The averments of paragraph 20(a-d) of Plaintiff's Complaint are not directed to answering defendants and require no responsive pleadings under the Federal Rules of Civil Procedure, and are therefore denied, and strict proof thereof demanded at time of trial.

21. Answering Defendants incorporate by reference, the answers contained in paragraphs 1-20 as if set forth herein at length.

22(a-d). Denied. The averments of paragraph 22 of Plaintiff's Complaint are not directed to answering defendants and require no responsive pleadings under the Federal Rules of Civil Procedure, and are therefore denied, and strict proof thereof demanded at time of trial.

23. Answering Defendants incorporate by reference, the answers contained in paragraphs 1-22 as if set forth herein at length.

24(a-d). Denied. The averments of paragraph 24 of Plaintiff's Complaint are not directed to answering defendants and require no responsive pleadings under the Federal Rules of Civil Procedure, and are therefore denied, and strict proof thereof demanded at time of trial.

25. Answering Defendants incorporate by reference, the answers contained in paragraphs 1-24 as if set forth herein at length.

26(a-i). Denied. Answering Defendants deny the allegations contained in paragraph 26 in Plaintiff's Complaint as they relate to answering Defendants. After reasonable investigation, the answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph as they relate to parties other than answering Defendants, and, therefore deny same and demand strict proof thereof at trial.

27. Answering Defendants incorporate by reference, the answers contained in paragraphs 1-26 as if set forth herein at length.

28(a-i). *(incorrectly designated paragraph "26")* Denied. Answering Defendants deny the allegations contained in paragraph 10 in Plaintiff's Complaint as they relate to answering Defendants. After reasonable investigation, the answering Defendants lack sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph as they relate to parties other than answering Defendants, and, therefore deny same and demand strict proof thereof at trial. Moreover, it is averred that any and all allegations directed to Dr. John Doe and/or any other alleged physicians practicing medicine at the Belmont Center For Comprehensive Treatment whose identities are presently unknown, require no responsive pleading under the Federal Rules of Civil Procedure at any time before the answering Defendant is informed of the identity of these persons intended by such descriptions, and therefore, all such allegations are denied and strict proof thereof demanded.

29. Answering Defendants incorporate by reference, the answers contained in paragraphs 1-28 as if set forth herein at length.

30. Denied. Answering Defendants deny the allegations contained in paragraph 30 in Plaintiff's Complaint as they relate to answering Defendants. After reasonable investigation, the answering Defendants lack sufficient knowledge or information to form a belief as to the truth of

the averments contained in this paragraph as they relate to parties other than answering Defendants, and, therefore deny same and demand strict proof thereof at trial. Moreover, to the extent that the averments contained in paragraph 30 of Plaintiff's Complaint allege that answering Defendants' acts were egregious and/or answering Defendants acted recklessly and/or with in difference to Plaintiff's rights, said averments are specifically denied. To the extent the averments contained in paragraph 30 of Plaintiff's Complaint support and/or allege Plaintiff's entitlement to punitive damages, said averments are specifically denied.

    **WHEREFORE**, Defendants, Belmont Center for Comprehensive Treatment/Einstein Healthcare Network, and Barry M. Farber, M.D., deny they are liable on Plaintiff's causes of action and demand judgement in their favor and against Plaintiff.

Respectfully Submitted,
KENT & MCBRIDE, P.C.


By:_____
Dominique N. Ryan, Esquire
Attorney for Defendants, Belmont Center
for Comprehensive Treatment/Einstein
Healthcare Network, Barry M. Farber, M.D.

## FEDERAL DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action for negligence upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

If it is determined that Defendants, Belmont Center for Comprehensive Treatment/Einstein Healthcare Network, Dr. Barry M. Farber, M.D., are liable on the Plaintiff's cause of action, said Defendants aver that Plaintiff's recovery would be barred unless he first exhausts any and all rights he may have under any insurance policy, including but not limited to claims under accident and health insurance, workers compensation, Blue Cross and Blue Shield, and all other coverages except for policies of an insolvent insurer.  40 P.S.§ 991.1.

### THIRD AFFIRMATIVE DEFENSE

Defendants, Belmont Center for Comprehensive Treatment/Einstein Healthcare Network, Dr. Barry M. Farber, M.D. assert all the defenses and limitations of damages valuable to them under the provisions of 40 P.S.§ 991.1817(a) and aver that the Plaintiff's remedies are limited thereto.  40 P.S.§ 991.1817.

### FORTH AFFIRMATIVE DEFENSE

Defendants, Belmont Center for Comprehensive Treatment/Einstein Healthcare Network, Dr. Barry M. Farber, M.D. assert all of the defenses, immunities, and limitations of damages available to it under the "Mental Health Procedures Act", and aver that the Plaintiff's remedies are limited exclusively thereto. Act of July 9, 1976, No. 142, P.L.817, 50 P.S. § 7103 et seq.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants, Belmont Center for Comprehensive Treatment/Einstein Healthcare Network, Dr. Barry M. Farber, M.D., aver that by his actions at the date, time, and place stated in the Plaintiff's civil action Plaintiff did assume the risk of any and all injuries and/or damages which he is alleged to have suffered.

**SIXTH AFFIRMATIVE DEFENSE**

It is further averred that if the Plaintiff suffered any injuries/damages as alleged, they were caused solely and primarily by Plaintiff's own carelessness, recklessness, negligence, or contributory negligence.

**SEVENTH AFFIRMATIVE DEFENSE**

It is averred that each Defendant asserts every defense available to him and/or it under the existing Civil Rights Act.

**EIGHT AFFIRMATIVE DEFENSE**

It is averred that at all times concerned with this litigation, the answering Defendant acted in a manner which was proper, reasonable, lawful, and in the exercise of good faith.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries, sufferings, and/or damages, if any, were caused by his own wilful and malicious misconduct.

**TENTH AFFIRMATIVE DEFENSE**

It is further averred that if Plaintiff sustained injuries and damages as alleged in Plaintiff's Complaint, they were due solely to the fact that he violated Federal statutes, State statutes, and/or City ordinances.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants were not negligent in any manner.

**TWELFTH AFFIRMATIVE DEFENSE**

Upon information and belief, if Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were cause in while or in part by the independent conduct of one or more persons or entities over whom Answering Defendants has or had no control and for whom Answering Defendants cannot be held accountable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join as Defendants various indispensable parties without who, in equity and good conscience, this action cannot proceed and the Complaint should, therefore, be dismissed.

**FOURTEENTH AFFIRMATIVE DEFENSE**

This Honorable Court lacks subject matter jurisdiction.

**FIFTEENTH AFFIRMATIVE DEFENSE**

This Honorable Court lacks personal jurisdiction.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The conduct of others was a superseding, intervening cause of Plaintiff's injuries.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Answering Defendant's conduct was not the proximate cause of Plaintiff's injuries.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

No act or omission by Defendants proximately caused or contributed to any of the damage alleged in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of fraud.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of contributory negligence.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of comparative negligence.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of assumption of risk.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of punitive damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has no standing in this action.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages violates the precision of the Constitution of the United States and the state where this action has been filed, including but not limited to, Answering Defendants' right to due process, right to equal protection of the laws, and right to be

free from excessive fines and penalties.

**WHEREFORE**, Defendants, Belmont Center for Comprehensive Treatment/Einstein Healthcare Network, and Barry M. Farber, M.D., demand judgement in their favor and against Plaintiff, with costs, attorney's fees, and such other relief as this Honorable Court deems appropriate.

                                    Respectfully Submitted,
                                    **Kent & McBride, P.C.**

                                 By:_____
                                   Dominique N. Ryan, Esquire
                                   Attorney for Defendants, Belmont
                                   Center for Comprehensive
                                   Treatment/Einstein Healthcare
                                   Network, Barry M. Farber, M.D.

Date: _____

## **CERTIFICATE OF SERVICE**

I hereby6 certify that a true and correct copy of the Answers of Defendants, Belmont Center for Comprehensive Treatment/Einstein Healthcare Network, Barry M. Farber, M.D., to Plaintiff's Complaint was served upon parties or their counsel on the date below listed by U.S. First Class Mail.

DATED:_____                    _____
                                                Dominique N. Ryan, Esquire